**Job Johnson ALVAREZ–VALDIVIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71276.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Steven A. Seick, Esq., Attorney at Law, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Victor M. Lawrence, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Job Johnson Alvarez–Valdivia, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's order denying his applications for asylum, withholding of removal, and for protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995), and we grant the petition for review and remand.

The BIA's determination that country conditions evidence rebutted Alvarez–Valdivia's well-founded fear of persecution is not supported by substantial evidence because the record compels the conclusion that as a potential witness in the prosecution of the Colina Group, Alvarez–Valdivia has reason to fear physical harm or even death if returned to Peru. *See Ali v. Ashcroft*, 394 F.3d 780, 789 (9th Cir.2005) (holding that the presumption of a well-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

founded fear of persecution has not been rebutted when evidence in country reports indicates that persecution similar to that experienced by the petitioner still exists). Alvarez–Valdivia's past persecution at the hands of the Colina Group, coupled with evidence of ongoing threats and intimidation of potential witnesses in the prosecution of the organization, establishes a well-founded fear of persecution on a protected ground. *See id.*

Accordingly, we grant the petition for review and remand to the BIA to determine whether Alvarez–Valdivia is entitled to asylum as an exercise of discretion, and to enter an order for withholding of removal. *See Singh v. Ashcroft,* 362 F.3d 1164, 1172 (9th Cir.2004) (amended opinion).

PETITION FOR REVIEW GRANTED; REMANDED.